(Hamilton County, Ohio, Common Pleas— April Term 1897.)

AMOR HALL v. GEORGE KLEEMAN.

---

The common law doctrine of lateral support has been abrogated in Ohio by the amendment of section 2677, Rev. Stats., passed May 9th, 1894, (91 O. L. 210.), in cases where the provisionss of the statute are complied with.

Section (8223-84), Smith & Benedict's Statutes. permitting the owner of a lot in a city of the first grade, first class, to excavate twelve feet below the established grade of the street whereon the lot abuts, without reference to foundation walls on adjoining lots, is a general law, and as its operation is restricted to certain localities, it is in conflict with Sec. 26, Art. 2 of the constitution.

---

HOLLISTER, J.

Plaintiff and defendant owned adjoining lots in the city of Cincinnati abutting on an improved street. The elevation of the front parts of the lots was about two feet above the curb, and the natural surface of the lots is such that at the rear of the lots the elevation was twenty-five or thirty feet above the curb line of the street.

Defendant excavated parts of his lot for the purpose of building and of making an area way about his house, to a level with the curb. It does not appear that the excavation was made negligently, yet the ground was of such a nature that a large part of plaintiff's soil fell into the excavation. Plaintiff claims damages for injury to his lot growing out of the removal of its lateral support. If this claim is maintainable, the amount of the recovery has been agreed upon by the parties.

At common law the right of lateral support is incident to the land, and an action lies for injury to the land caused by th removal of such support. Keating v. Cincinnati, 23 Ohio St. 141, and cases cited in Ballard's Ohio Law of Real Prop. 359. And the right to damages exists without proof o negligence.

"The injury is, in depriving the owner of a portion of his soil, to which the right was absolute. * * * The right of action in such a case does not depend upon negligence. The natural state of the soil has been disturbed, a right violated, and the person causing it must answer for that which is but the natural, if not the necessary, consequence of his act." Bennett, J. in Richardson v. Vermont Central R. R. Co., 25 Vt. 465, 471.

Says Gibbs, C. J., in Sutton v. Clarke, 6 Taunt. 29, 44. "An individual, who for his own benefit, makes an improvement on his own land according to his best skill and diligence, and not foreseeing it will produce any injury to his neighbor, he is answerable."

And see Gilmore v. Driscoll, 122 Mass. 199, 201.

But it is claimed that this rule has been changed by the statutes of Ohio. A proper conclusion of this question requires a consideration of several statutes. Sec. 8223-84 Rev. Stat. reads: "If the owner or possessor of any lot or land, digs or cause to be dug, any cellar, pit, vault or excavation to a greater depth than twelve feet below the

curb of the street on which such land or lot abuts, or if there be no curb, below the surface of such adjoining lots, and by such excavation causes any danger (damage) to any wall, house or any other building upon the lots adjoining thereto, such owner or possessor shall be liable, in a civil action, to the party injured, to the full amount to (of) the damage aforesaid. Such owner or possessor may dig, or cause to be dug, any such cellar, pit or excavation to the full depth or (of) twelve feet below the established grade of the street whereon such lot abuts, without reference to its adjoining foundation walls, without incurring the liability prescribed in this chapter."

This act is Sec. 16 of an act passed February 28, 1888, 85 O. L. 34 entitled: "An act to regulate the construction of buildings within any city of the first class and first grade, and to provide for the appointment of an inspector of buildings and to repeal an act passed March, 21st, 1887, (84 O. L. 143)."

The act of March 21st, 1887, so repealed, does not contain this section.

The same language is found in Sec. 16 (8223-31, Rev. Stat.) of an act passed April 16th, 1888, 85 O. L. 289, entitled: "An act to regulate the construction of buildings within any city of the first class and second grade, and to provide for the appoinment of an inspector of buildings."

Strangely enough when these acts were passed there had long been on the statute books two acts relative to the same subject matter not restricted in their application to any city or village; but they are not referred to in either of the acts above mentioned.

Section 2676, 66 O. L. 232, Sec. 494, provides:

"If the owner or possessor of any lot or land, in any city or village, digs, or causes to be dug, any cellar, pit, vault or excavation, to a greater depth than nine feet below the curb of the street on which (such) lot or land abuts, or, if there be no curb, below the surface of the adjoining lots, and by such excavation causes any damage to any wall, house, or other buiding upon the lots adjoining thereto, such owner or possessor shall be liable, in a civil action to the party injured, to the full amount of damage aforesaid."

And it is provided by Sec. 2677, 66 O. L. 232, Sec. 495, that:

"Such owner or possessor may dig, or cause to be dug, any such cellar, pit, or excavation, to the full depth of any foundation wall of any building upon the adjoining lots or to the full depth of nine feet below the established grade of the street whereon such lot (s) abuts, without reference to the depth of adjoining foundation walls, without incurring the liability prescribed in this chapter."

These sections, 2676 and 2677, are a part of the municipal code passed May 7, 1869.

Here then are general laws affecting the owner of a lot in any city or village, not expressly repealed by the acts of 1888, but which are in direct conflict with them in that by the acts of that year the depth of the permitted excavation is increased from nine feet to twelve feet, only however in cities of certain designated classes and grades.

While repeals by implication are not favored, and laws are to be reconciled if possible, yet it must be held that this conflict is irreconcilable; for in cities of the designated classes no man could excavate to the depth of twelve feet unless 2676 and 2677 were no longer in operation.

It is the rule that where statutes flatly contradict each other, the later repeals the earlier. Work v. Massie, 6 Ohio, 503. The situation calls also for invoking that other rule of construction that where a law revises the entire subject matter of an earlier statute, and is clearly a substitute for it, the earlier is repealed by implication. Moore v. Vance, 1 Ohio, 1, 10; Lorain Plank Road v. Cotton, 12 Ohio St. 263; Shelby Co. v. Frego, 26 Ohio St. 488, 491.

Yet it is quite clear that the legislature did not intend to do away with Secs. 2676 and 2677 entirely, for in May 9th, 1894, 91 O. L. 210, Sec. 2677, was expressly repealed, and the following amendment was enacted in its stead : "Such owner or possessor may dig, or cause to be dug, any such cellar, pit, or excavation, to the full depth of any foundation wall of any building upon the adjoining lot or lots, or to the full depth of nine feet below the established grade of the street whereon such lot abuts, without reference to the depth of adjoining foundation walls, without incurring the liability prescribed in this chapter, and may, on thirty days notice to adjoining owners, grade and improve the surface of any lot to correspond with the established grade of the street or alley upon which it abuts without incurring liability."

It will be observed that the effect of the amendment is not to change the law as contained in Sec. 2677 so far as it relates to excavations where there are foundation walls of buildings on adjoining lots; but grants rights relating to grading and improving lots to make their surface conform to the grade of the street.

The right of excavation so far as it affects the foundations of buildings is not a question in this case, but the amendment is so bound up with the rest of the law that both subjects become involved in determining what the law is; for if the section 8223 84 is valid, then Sec 2676 can only refer to the owners of lots in villages and cities of other grades than first and second grade of the first class, and as "such owner or possessor" in 2677 must refer to the owner named in 2676, the additional right of grading the surface conferred by the amendment applies only to owners in such other cities and in villages.

If this be correct, the amendment of 1894 does not apply to a case arising in cities of the first grade of the first class, and the

plaintiff can recover under the common law rule. But if the acts of 1888 are invalid, Secs. 2676 and 2677 as amended are the law, and apply to all cities and villages.

The Supreme Court (Cincinnati v. Steinkamp, 54 Ohio St. 284) in passing on secs. 32 and 61 of the act of February 28, 1888, 85 O. L. 34, Rev. Stat. 8223 100, and 8223-130 which are sections of the same act as 8223-84 now under consideration, and which require that all buildings (except private residences) of three stories or more in height, in cities of the first grade of the first class, shall be provided with suitable fire escapes, hold that such laws are general in their nature, and cannot in their operation be confined to any particular locality. The act was entitled "An act to provide for the better protection of human life against fire," etc. Says Spear, J. at page 296: "Protection of life or limb, it would seem, is not a local matter, but is a matter of general public interest, in which every person in the state coming within the category of people exposed to the dangers intended to be guarded against, is equally interested with every other such person, and it would appear to be as much the duty of owners of buildings answering to the description or to the construction and occupancy of those named in the statute to observe the humane directions of this act whether located in one part of the state or in another, for buildings (other than private dwellings) of three or more stories in height are found in every locality throughout the state." And further he says:" "If any reasons of a local character exist which require this legislation for Cincinnati which do not apply with equal force to other portions of the state, none appear, on the surface, and certainly none have been suggested."

The Steinkamp case was cited as the law in Karb v. The State, 54 Ohio St. 383, 391, and in Hixson v. Burson, 54 Ohio St. 470, 483. The case is not even referred to in State ex rel. Baker, 35 Bull. 381, nor in Hayes v. City of Cleveland, Id. 379. In Ampt v. Cincinnati, 37 Bull, 161, the "Water Works case," the supreme court adopt the opinion of the circuit court, 12 C. C. 119, in which that court cite the Steinkamp case, and make the same quotation from it which is found above. Assuming that that case may still be followed as a safe guide by the courts of inferior jurisdiction, it would seem that the subject of protection to the property of one individual from the act of his neighbor, would involve considerations so general in their nature and application, that it might fairly be said that the subject matter was of general interest to all of the inhabitants of the state who live in cities and villages where houses are built in close proximity. There is no reason why a distinction should be made between cities of designated grades and any other cities; for it is not difficult to imagine the construction of as large houses in small cities with the same necessity for deep foundations as in cities of greater dignity.

[COYRIGHT, 1897, BY CARL G. JAHN.]

The circuit court laid down the rule in Ampt. v. Cincinnati, supra, that: "Whenever any law directly operates upon and affects the rights, privileges, and interests of the citizens, and there is no reason why it should not operate on all the citizens of the state alike, it is a law of a general nature."

Relying on the Steinkamp case and the language of the circuit court in the Water Works case and the adoption of the reasons of that court by the supreme court, and on principle, my best judgment is that Sec. 8223-84 is a general law both in subject matter and in the reason underlying its proper application, and that it is therefore in coflict with Sec. 26, Art. 27 of the constitution in that it gives rights and privileges and grants immunities to citizens in certain localities which are withheld from citizens of other localities where are found the same conditions which give reason for the application of the law to the favored localities.

This section being void, Secs. 2676 and 2677 as amended, embody the law on the subject. The conclusion must be that the common law doctrine of lateral support no longer obtains in Ohio, and that in any city or village the owner or possessor of a lot may with impunity, in the absence of negligence, and upon giving the proper notice, grade the surface of his lot to make it conform to the established grade of the street. Of course, where the statutory notice is not given, the common law rule would still obtain

It is assumed that sections 2676 and 2677 as amended are themselves within constitutional requirements. Whether they are or not, quære. Judgment for the defendant.

Keam & Keam, for the plaintiff.

Lewis Reemelin, for the defendant.